IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LOGAN HUNTER BRAINERD                                                              PLAINTIFF

v.                                    Civil No. 4:23-cv-04066

SHERIFF CHAD WARD et al.                                                          DEFENDANTS

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This is a civil rights action[1] filed by Logan Hunter Brainerd pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening. Pursuant to 28 U.S.C. § 1915 (1996), the Court has the obligation to screen a complaint filed *in forma pauperis* and "shall dismiss the case at any time if the court determines that—(B) the action or appeal—(ii) fails to state a claim on which relief may be granted."

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the Complaint and Amended Complaint, this Court finds Plaintiff fails to state a claim on which relief may be granted and that all claims must be **DISMISSED.**

**I.      Background:**

Plaintiff filed this 42 U.S.C. § 1983 action *pro se* on July 11, 2023. ECF No. 1. His application to proceed *in forma pauperis* was granted on July 13, 2023. ECF No. 4. Subsequently, the Court directed Plaintiff to file an amended complaint by August 4, 2023. On August 10, 2023, Plaintiff filed an untimely amended complaint. ECF No. 5.

---

[1] Brainerd has two cases that allege the same facts. The other case is 4:23-cv-04067. The Court will enter a separate report and recommendation in that case.

In his amended complaint, Plaintiff's allegations center around what he claims to be an "unlawful arrest" on March 30, 2023. ECF No. 5-2. Plaintiff claims he was followed and pulled over illegally. Plaintiff claims the officer pulled him over for expired tags but never checked his tags. After being stopped, the officer asked him how much weed he smoked that day. Plaintiff "assured him none," but he also admitted to the officer that drug paraphernalia was in his possession. According to Plaintiff, he was ultimately arrested for possession of marijuana and drug paraphernalia, but the charges were later dropped. Plaintiff claims his constitutional rights were violated subsequent to the stop and during his criminal investigation related to these charges.

Specifically, Plaintiff states he brings this lawsuit for the following reasons:

> So I now filing a 1983 to sue all who's touched, been involved, in anyway or acted under the color of law and want corrupt Government officials to be held accountable for crimes and rights violations against me. The office "U.S. Government" has done nothing but hurt me. I can't think on one instance where the government officials in Miller County Ar. have ever helped me.

ECF No. 5-2 at 5.

Plaintiff seeks the following relief:

> 100,000,000$ or above average payment for every single rights violation physical assault and anything not mentioned here. I would like a statement on camera about this matter. This will help keep me safe from future corrupt government officials.

ECF No. 5 at 4.

## II.     **Applicable Law**:

The Court is obligated to screen this case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or, (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. Discussion:

Plaintiff is suing a litany of people in his amended complaint, including the FBI and the United States of America. All of his allegations stem from a traffic stop on March 30, 2023. Plaintiff claims the stop was illegal. However, the reason given for the stop—expired tags—was never disputed. Instead, Plaintiff claims the officer "never looked at my documents."

Further, Plaintiff admitted to the officer that he possessed drug paraphernalia after his car was stopped. He was then arrested for that possession. Assuming the facts and the statements alleged in Plaintiff's amended complaint are true, the Court finds Plaintiff has failed to allege a single constitutional violation. All of Plaintiff's claims are frivolous, fail to state a claim upon which relief can be granted, and should be dismissed.

### IV. Conclusion:

For the foregoing reasons, this Court recommends Plaintiff's claims against Defendants Sheriff Chad Ward, Judge Tommy Potter, Miller County Sheriff's Office, Miller County Prosecutor's Office, U.S. Government Officials, State of Arkansas Prosecution, United States of America, FBI, Matt Sanders, Mark Hensley, Miller County Federal Courthouse, Texarkana AR

Police Department, Miller County District Court, Chief Clerk and all Clerks Involved from Miller County, AR, the State of Arkansas, Miller County Arkansas, Lt. Ontravious, Arkansas State Police, John Does 1-6, US Federal Courthouse/Post Office, and the U.S. Treasury be **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**  *See Thompson v. Nix*, **897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 18th day of August 2023.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE